IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**DONALD JAY THOMPSON,**

    **Plaintiff**

**v.**           **CA. NO.**

**REALPAGE INC.,**

    **Defendant**

## COMPLAINT

### INTRODUCTION

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought by the plaintiff, Donald Jay Thompson, for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

### JURISDICTION

1.  The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 28 U.S.C. §1331 and §1391(b). Venue is proper as Plaintiff resides in this District, the relevant events occurred here and Defendant was doing business in Maine during all relevant times.

### PARTIES

2.  Plaintiff, Donald Jay Thompson, is a natural person and resident of the state of Maine. He is a "consumer" as defined by 15 U.S.C. §1681a(c).

3.  Upon information and belief, RealPage, Inc. ("RealPage") is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). At all relevant times, RealPage was doing business in the State of Maine.

4.  Upon information and belief, RealPage is regularly engaged in the business of

assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

5. Upon information and belief, RealPage disburses such consumer reports to third parties under contract for monetary compensation.

**FACTS**

6. On or about January 15, 2016 Mr. Thompson applied for subsidized housing at Rumford Island Housing ("RIH") in Rumford, Maine.

7. In connection with the application, RIH requested Mr. Thompson's consumer report from RealPage.

8. On February 17, 2016 RealPage prepared and issued Mr. Thompson's consumer report to RIH.

9. The February 17, 2016 report included inaccurate information about Mr. Thompson.

10. In the February 17, 2016 report, RealPage reported to RIH that Mr. Thompson was a registered sex offender in Massachusetts and had been convicted of rape. This is untrue. Mr. Thompson is not a sex offender and has not been convicted of rape. The criminal identified in Mr. Thompson's report was not him.

11. The criminal record information included in Mr. Thompson's report belonged to a man named Donald N. Creighton who had a listed alias of Donald Thompson. The report included a mug shot of the sex offender which did not resemble Mr. Thompson.

12. RealPage's procedures allowed this false and highly prejudicial information to be included in Mr. Thompson's consumer report despite the fact that it clearly did not pertain to him.

13. As a result of the RealPage report Mr. Thompson was denied for housing by RIH on February 17, 2016 because of an unsatisfactory criminal history. There was no other criminal history

on his report.

14. Mr. Thompson appealed the denial to RIH. At this point he had not seen the RealPage report and did not know what had caused RIH to deny him. He had a meeting with RIH on April 5, 2016 at which he was encouraged to contact RealPage to get a copy of his consumer file.

15. A few days later Mr. Thompson received a call from RIH's regional manager. She asked if he had ever lived in Massachusetts and he said no. She mentioned the sex offender list and told him again to send for his RealPage report.

16. Mr. Thompson's RIH appeal was subsequently denied.

17. On or about April 14, 2016 Mr. Thompson sent a request to RealPage for his consumer file along with a dispute of the sex offender information he had been told was included. He included copies of his state photo id and other identifying documents.

18. On or about April 20, 2016 RealPage's affiliate LeasingDesk sent Mr. Thompson a copy of his RealPage consumer file along with a copy of the February 17, 2016 report it had issued to RIH. Both the consumer file and the report included the false sex offender record.

19. Mr. Thompson was shocked when he received the report to see the false sex offender information including a mug shot of a man who was not him.

20. The day after receiving his file from RealPage, Mr. Thompson received a letter dated April 21, 2016 from LeasingDesk responding to his dispute to RealPage. The letter stated that they had investigated his dispute and "determined that the record does not belong to you and the record will be removed from your file." The letter also stated that the results of the reinvestigation had been reported to RIH.

21. Thinking the problem was solved, on or about July 27, 2016 Mr. Thompson again applied to RIH for subsidized housing.

22. In connection with the new application, RIH again requested Mr. Thompson's consumer report from RealPage.

23. On August 10, 2016 RealPage prepared and issued Mr. Thompson's consumer report to RIH.

24. The August 10, 2016 report again included the false sex offender criminal record which Mr. Thompson had previously disputed despite the fact that RealPage had acknowledged that the information was not accurate.

25. The August 10, 2016 report did not include a notation that the false sex offender information was disputed by Mr. Thompson.

26. RealPage failed to send Mr. Thompson a notice that previously deleted information had been reinserted into his consumer file along with the name, address and phone number of the furnisher of that information and an explanation of Mr. Thompson's right to add a dispute statement to his file.

27. On or about August 11, 2016 Mr. Thompson was again denied by RIH for subsidized housing. The false criminal record information was the sole or a substantial reason for the denial.

28. Mr. Thompson again appealed and had another in person meeting with RIH in late September 2016 but was unable to convince RIH to change its mind.

29. In mid-September Mr. Thompson again requested his consumer file from RealPage.

30. On or about October 4, 2016 LeasingDesk responded to Mr. Thompson's request by mailing him his October 3, 2016 consumer file and a copy of the August 10, 2016 report it ran for RIH. The consumer file did not include the false sex offender information or criminal history but the August report did include the false information in the same form as in the February report.

31. As a result of the actions and inactions of RealPage, Mr. Thompson has been denied

housing and has experienced additional actual damages including, but not limited to, severe damage to his reputation, embarrassment, humiliation, invasion of privacy, frustration and other emotional distress.

32. As set forth above, RealPage produced consumer reports on Mr. Thompson without using reasonable procedures to assure maximum possible accuracy.

33. As set forth above, Mr. Thompson sent, on one or more occasions, a dispute to RealPage over the accuracy of its reports relating to the false criminal background and sex offender information and provided RealPage with supporting documentation.

34. RealPage received the dispute, but failed to correct its future consumer reports on Mr. Thompson.

35. RealPage failed to send Mr. Thompson a notice of reinsertion after reinserting previously deleted information into his consumer file.

36. RealPage failed to note Mr. Thompson's continuing dispute in consumer reports including the false information.

37. RealPage failed to maintain reasonable procedures designed to prevent the reappearance of previously deleted information in consumer reports.

38. After receiving Plaintiff's notice of the inaccuracy and within the two years preceding the filing of this action, RealPage prepared and published to third parties one or more inaccurate consumer reports about Mr. Thompson that contained the known false derogatory criminal background information.

39. Defendant willfully or, in the alternative, negligently failed to comply with the requirements of the FCRA, and, in doing so, violated Plaintiff's rights.

40. Defendant's violation of Plaintiff's rights under the FCRA caused Plaintiff actual

damages.

41. Upon information and belief, RealPage does not maintain adequate policies and procedures to ensure compliance with the FCRA, as evidenced by the conduct alleged herein.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)

42. The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out herein.

43. RealPage violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintain concerning the Plaintiff.

44. As a result of the conduct, actions and inactions of RealPage, Mr. Thompson has been denied housing and has experienced additional actual damages including, but not limited to, severe damage to his reputation, embarrassment, humiliation, invasion of privacy, frustration and other emotional distress.

45. Plaintiff has suffered a concrete injury in fact that is directly traceable to RealPage's conduct, and is likely to be redressed by a favorable decision in this action.

46. RealPage's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, RealPage was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

47. The Plaintiff is entitled to recover actual, statutory, and punitive damages, and costs and attorney's fees from RealPage in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i

48. The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out herein.

49. RealPage violated 15 U.S.C. §1681i(a)(1)(5)(B) by inserting previously deleted false information into Mr. Thompson's file without requiring that the furnisher of the information certify that the information is complete and accurate.

50. RealPage violated 15 U.S.C. §1681i(a)(1)(5)(B) by failing to send Mr. Thompson a notice that previously deleted information had been reinserted into his consumer file.

51. RealPage violated 15 U.S.C. §1681i(a)(1)(5)(C) by failing to maintain reasonable procedures designed to prevent the reappearance of previously deleted information in a consumer report.

52. RealPage violated 15 U.S.C. §1681i(c) by failing to note, in consumer reports produced subsequent to Mr. Thompson's dispute, a clear notice that the false information was disputed.

53. As a result of the conduct, actions and inactions of RealPage, Mr. Thompson has been denied housing and has experienced additional actual damages including, but not limited to, severe damage to his reputation, embarrassment, humiliation, invasion of privacy, frustration and other emotional distress.

54. Plaintiff has suffered a concrete injury in fact that is directly traceable to RealPage's conduct, and is likely to be redressed by a favorable decision in this action.

55. RealPage's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, RealPage was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

56. The Plaintiff is entitled to recover actual damages, statutory damages, punitive

damages, costs and attorney's fees from RealPage in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted

**Donald Jay Thompson,**
By his attorney:

/s/ *Andrea Bopp Stark*
Andrea Bopp Stark
Molleur Law Office
419 Alfred Street
Biddeford, ME  04005-3747
207-283-3777
andrea@molleurlaw.com

Date:  December 12, 2016