## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **DONALD JAY THOMPSON,** | |
| *Plaintiff*, | Civil Action No. 2:16-cv-00614-JDL |
| **v.** | |
| **REALPAGE, INC.,** | |
| *Defendants*. | |

## DEFENDANT REALPAGE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant RealPage, Inc. ("RealPage"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, answers the Complaint of Plaintiff Donald Jay Thompson ("Plaintiff").  RealPage denies all allegations in the Complaint that RealPage does not expressly admit in this Answer.

RealPage responds to the specific allegations in the enumerated Paragraphs in the Complaint as follows:

### Introduction

RealPage admits that this action purports to relate to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").  RealPage denies the remaining allegations of the unnumbered introductory Paragraph of the Complaint.

### Jurisdiction

1.     The allegations in Paragraph 1 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 1 are contrary to law, they are denied.

**Parties**

2.      RealPage lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residency contained in Paragraph 2 of the Complaint and, therefore, denies the same.  The remaining allegations in Paragraph 2 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 2 are contrary to law, they are denied.

3.      RealPage admits that it conducts business within the District of Maine.  The remaining allegations in Paragraph 3 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 3 are contrary to law, they are denied.

4.      The allegations in Paragraph 4 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 4 are contrary to law, they are denied.

5.      RealPage admits that it provides software and data analytics to the real estate industry for monetary compensation. The remaining allegations in Paragraph 5 of the Complaint are premised on a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 5 are contrary to law, they are denied.

**Facts**

6.      RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7.      RealPage admits that it received a request from Rumford Island Housing ("RIH") for information regarding a Donald J. Thompson on or around February 17, 2016.

8.      RealPage admits that RIH utilized its software to generate a report regarding a Donald J. Thompson on or around February 17, 2016.   The remaining allegations are denied.

9.      The allegations in Paragraph 9 of the Complaint regarding the contents of the report reference a document that speaks for itself.   To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

2

10.    The allegations in Paragraph 10 of the Complaint regarding the contents of the report reference a document that speaks for itself.   To the extent the allegations are inconsistent with the document, RealPage denies those allegations. RealPage lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11.    The allegations in Paragraph 11 of the Complaint regarding the contents of the report reference a document that speaks for itself.   To the extent the allegations are inconsistent with the document, RealPage denies those allegations.   RealPage lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same.

12.    RealPage denies the allegations in Paragraph 12 of the Complaint.

13.    RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint regarding the alleged denial of housing and, therefore, denies the same.   The remaining allegations in Paragraph 13 of the Complaint regarding the contents of the denial letter reference a document that speaks for itself.   To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

14.    RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same.

15.    RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same.

16.    RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies the same.

17.    RealPage admits that on or about April 18, 2016, it received a completed Dispute Form from a Donald J. Thompson.   The remaining allegations in Paragraph 17 of the Complaint regarding the contents of the Dispute Form reference a document that speaks for

itself.  To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

18.    RealPage admits that on or about April 20, 2016, it sent a letter to a Donald Jay Thompson.  The remaining allegations in Paragraph 18 of the Complaint regarding the contents of the letter reference a document that speaks for itself.  To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

19.    RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same.

20.    RealPage admits that on or about April 20, 2016, it sent a letter to a Donald Jay Thompson.  The remaining allegations in Paragraph 20 of the Complaint regarding the contents of the letter reference a document that speaks for itself.  To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

21.    RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same.

22.    RealPage admits that on or about August 10, 2016, RIH utilized its software to generate a report regarding a Donald J. Thompson.  The remaining allegations of Paragraph 22 are denied.

23.    RealPage admits that on or about August 10, 2016, RIH utilized its software to generate a report regarding a Donald J. Thompson.  The remaining allegations of Paragraph 23 are denied.

24.    The allegations in Paragraph 24 of the Complaint regarding the contents of the report reference a document that speaks for itself.  To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

25.    The allegations in Paragraph 25 of the Complaint regarding the contents of the report reference a document that speaks for itself.  To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

26.    RealPage admits that it did not provide a notice to Plaintiff as described in Paragraph 26 of the Complaint.  However, to the extent that the allegations in Paragraph 26 of the Complaint imply that RealPage had any legal obligation to send such a notice, RealPage denies those allegations.

27.    RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint regarding the alleged denial of housing and, therefore, denies the same.  The remaining allegations in Paragraph 27 of the Complaint regarding the contents of the denial letter reference a document that speaks for itself.  To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

28.    RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies the same.

29.    RealPage admits that on or about September 19, 2016, it received, among other things, a letter from a Donald J. Thompson.  The remaining allegations in Paragraph 29 of the Complaint regarding the contents of the letter reference a document that speaks for itself.  To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

30.    RealPage admits that on or about October 4, 2016, it sent a letter to a Donald Jay Thompson.  The remaining allegations in Paragraph 30 of the Complaint regarding the contents of the letter reference a document that speaks for itself.  To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

31.    RealPage denies the allegations in Paragraph 31 of the Complaint.

32.    RealPage denies the allegations in Paragraph 32 of the Complaint.

33.    RealPage admits that on or about April 18, 2016, it received a letter from a Donald J. Thompson and that on or about September 19, 2016, it received a letter from a Donald J. Thompson.  The remaining allegations in Paragraph 33 of the Complaint regarding

the contents of the letters reference documents that speak for themselves. To the extent the allegations are inconsistent with the documents, RealPage denies those allegations.

34.   The allegations in Paragraph 34 of the Complaint regarding the contents of the report reference a document that speaks for itself. To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

35.   RealPage admits that it did not provide a notice to Plaintiff as described in Paragraph 35 of the Complaint. However, to the extent that the allegations in Paragraph 35 of the Complaint imply that RealPage had any legal obligation to send such a notice, RealPage denies those allegations.

36.   The allegations in Paragraph 36 of the Complaint regarding the contents of the report reference a document that speaks for itself. To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

37.   RealPage denies the allegations in Paragraph 37 of the Complaint.

38.   The allegations in Paragraph 38 of the Complaint regarding the contents of the report reference a document that speaks for itself. To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

39.   RealPage denies the allegations in Paragraph 39 of the Complaint.

40.   RealPage denies the allegations in Paragraph 40 of the Complaint.

41.   RealPage denies the allegations in Paragraph 41 of the Complaint.

### Count One

42.   RealPage repeats its answers to the allegations contained in the foregoing Paragraphs as though fully set forth herein.

43.   RealPage denies the allegations in Paragraph 43 of the Complaint.

44.   RealPage denies the allegations in Paragraph 44 of the Complaint.

45.   RealPage denies the allegations in Paragraph 45 of the Complaint.

46.   RealPage denies the allegations in Paragraph 46 of the Complaint.

47.   RealPage denies the allegations in Paragraph 47 of the Complaint.

## Count Two

48.   RealPage repeats its answers to the allegations contained in the foregoing Paragraphs as though fully set forth herein.

49.   RealPage denies the allegations in Paragraph 49 of the Complaint.

50.   RealPage denies the allegations in Paragraph 50 of the Complaint.

51.   RealPage denies the allegations in Paragraph 51 of the Complaint.

52.   RealPage denies the allegations in Paragraph 52 of the Complaint.

53.   RealPage denies the allegations in Paragraph 53 of the Complaint.

54.   RealPage denies the allegations in Paragraph 54 of the Complaint.

55.   RealPage denies the allegations in Paragraph 55 of the Complaint.

56.   RealPage denies the allegations in Paragraph 56 of the Complaint.

RealPage denies that Plaintiff is entitled to the relief demanded in the unnumbered Paragraph beginning with "WHEREFORE" following Paragraph 56.

RealPage admits that Plaintiff has demanded a trial by jury.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that RealPage bears the burden of proof as to any of them, RealPage asserts the following defenses.   RealPage intends to rely on any additional defenses that may become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against RealPage, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from RealPage.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that it is barred because all information RealPage communicated to any third person regarding Plaintiff was accurate.

7

## THIRD ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that, at all relevant times with respect to Plaintiff, RealPage acted in good faith and complied fully with the FCRA.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that Plaintiff's purported damages, which RealPage continues to deny, were the result of acts or omissions of third persons over whom RealPage had neither control nor responsibility, or were the result of Plaintiff's own prior conduct.

## SIXTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks statutory or Constitutional standing due to a lack of a concrete and particularized injury-in-fact.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

## NINTH ADDITIONAL DEFENSE

Plaintiff cannot recover against RealPage to the extent that some or all of his claims for relief in the Complaint are barred by applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

## TENTH ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against RealPage, in the amount of any damages or settlement amounts recovered by Plaintiff

with respect to the same alleged damages.  RealPage is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

<h3 align="center">ELEVENTH ADDITIONAL DEFENSE</h3>

Any damages allegedly suffered by Plaintiff were not caused by RealPage, but by intervening causes.

<h3 align="center">TWELFTH ADDITIONAL DEFENSE</h3>

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

<h3 align="center">THIRTEENTH ADDITIONAL DEFENSE</h3>

RealPage reserves the right to assert additional defenses as they become known.

<h3 align="center">PRAYER FOR RELIEF</h3>

WHEREFORE, RealPage requests this Court to enter a judgment:

1.  denying Plaintiff any and all relief in this case;

2.  dismissing Plaintiff's claims in their entirety;

3.  dismissing this case with prejudice;

4.  awarding RealPage its costs and attorneys' fees incurred in this case; and

5.  granting RealPage all other relief that the Court deems just and proper.

January 27, 2017                    Respectfully submitted,

/s/ Elizabeth G. Stouder
Elizabeth G. Stouder, Esq.
Richardson, Whitman, Large & Badger
P.O. Box 9545
Portland, Maine 04112-9545
Tel: (207) 774-747; Fax: (207) 774-1343
estouder@rwlb.com
*ATTORNEY FOR DEFENDANT*
*REALPAGE, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2017, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Elizabeth G. Stouder
Elizabeth G. Stouder